CIPRIANO MANRIQUE, Plaintiff and Appellee, *v.* ISIDORO ALVAREZ, Defendant and Appellant.

No. 7930. Argued February 5, 1941.—Decided February 17, 1941.

*Dubón & Ochoteco* and *Rodrigo Otero Suro,* for appellant.   *Arturo Aponte,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

Plaintiff and defendant are the owners respectively of two houses situated in the City of Caguas, separated by an alley one meter and twenty centimeters wide, which both litigants have been using for a period of many years as an outlet for the waters which fall from their roofs and from those which run from plaintiff's yard.   The alley was paved with concrete and sloped somewhat from the sides toward

the center, this slope enabling it to receive the water without it spilling over the sides, and to pour them on Jiménez Sicardó Street. There was no controversy between the parties with respect to the use of the alley, both of them appearing satisfied with its ability to fulfil the ends to which it was devoted, until November 13, 1937, when the defendant, following another person's suggestion, prepared to change the manner in which said alley operated, building a concrete channel along its center and rising its surface to such a height that according to plaintiff, rain waters fell in the interior of his house. The plaintiff protested without any positive results, since the defendant violently insisted in carrying on the construction, finishing it in the afternoon of November 14, a Sunday. Alleging that he was acting in protection of his property, plaintiff on the same day destroyed defendant's construction, at least partially, and on the following day filed this suit for injunction in the lower court. There exists a marked controversy with respect to the dominion title of the alley, since, while the plaintiff maintains that the lot in which both houses are situated, as well as the alley, belong to the Municipality of Caguas, defendant asserts that the lot of his house as well as the alley are of his exclusive ownership; but be that as it may, this question, considering the nature of the action brought by the plaintiff, does not affect in the least the decision of the case. The defendant, however, does not deny that the alley has been used in common by both parties for a period of many years and accepts that this use on the part of the plaintiff had existed for some years before the defendant acquired his house, but he alleges that the plaintiff has been using it without any right to it, and instead through a mere tolerance of his; that assuming, as the plaintiff alleges, that there exists a servitude of drain over the above mentioned alley, the acts executed by the defendant do not constitute a disturbance, since, as the latter claims, the purpose of the construction is to

make the servitude less onerous, as according to him it was becoming bothersome and harmful, preventing him from making important constructions, repairs or improvements, the defendant asserting moreover that the change which he intended to make was not onerous or harmful to the dominant tenement nor did it impair the use of said servitude by plaintiff. As we stated already, the question as to whether the alley belongs to the municipality or to the defendant, is immaterial to the decision of this case, since questions of title are not settled within an injunction proceeding to recover or retain possession, and instead, the only question involved is the fact of actual possession, and from the testimony of the defendant himself it appears that within the year prior to the filing of the complaint and indeed for many years before, the plaintiff had been sharing with the defendant the use of the alley in the manner and for the purposes above stated. So that, assuming with the defendant that the alleged servitude does not exist, even so, the plaintiff has the clear right to be protected in his possession through the injunction proceeding which he has brought. Sections 690 and 691 of the Code of Civil Procedure (1933 ed.).

■■ Assuming lastly that the servitude which the defendant alleges actually exists, can the defendant, within the circumstances of this case, invoke Sections 481 and 523 of the Civil Code in opposition to plaintiff's claims? It is true that as the latter Section provides, the owner of the servient tenement burdened by the servitude of drainage from a roof —assuming that the defendant be the owner of the alley— has the right to provide the water with other outlets in accordance with the local ordinances or customs, provided no detriment or injury be caused to the dominant tenement. It is also true that Section 481 of the above mentioned statute authorizes the owner of the servient tenement to change at his expense the manner established for the use of the servitude if the latter should become too inconvenient to him or

should prevent him from undertaking works, repairs or important improvements in the tenement, provided he offers another place or manner equally convenient, and no detriment is thereby caused to the owner of the dominant tenement or to those who have a right to the use of the servitude. But who' shall be the judge to determine whether the change is detrimental or not to the owner of the dominant tenement? Is it by chance the owner of the servient tenement? Or the owner of the dominant tenement? Neither the one nor the other. That faculty belongs to both of them acting together, and if they could not come to an agreement, to the judicial power. Scaevola says with respect to this:

"The determination of whether the change is detrimental or not to the owner of the dominant tenement, is not a question of law but of fact, since it is to be decided by the interested parties themselves, and in their defect by the judicial power. The change which the owner of the servient tenement may believe convenient, may be thought detrimental by the owner of the dominant tenement, since the convenience, as well as the utility of the thing, are relative and not absolute concepts, inasmuch as they depend on the judgment of the persons who use the thing and when said persons disagree, upon the judgment of the experts, in case of an agreement to this effect, or of the judicial power if any controversy should arise between the parties." 10 Scaevola, *Código Civil*, page 315.

Although defendant alleges in his answer that the servitude in the manner in which it was being used was bothersome and detrimental to him and prevented him from undertaking works, repairs or important improvements upon his property, no evidence exists tending to uphold such allegations. At all events, assuming that such was the situation, as there was no agreement by the parties, it was defendant's duty if he insisted on undertaking the work, to go to a competent court in order that the controversy be settled, and in no case could he become the absolute judge of plaintiff's rights. When the defendant acted as he did, plaintiff acted correctly in bringing this injunction proceeding to retain possession.

"If the owner of the servient tenement should try to change the servitude by virtue of Section 545 (481 of Puerto Rico) the owner of the dominant tenement or those persons who have right to the use of a servitude *may oppose the change availing themselves of the injunction proceding to retain possession* if a change in the place and manner of the use of the servitude is involved, and that of construction in cases where a new structure is being built." Work and volume cited, page 317. (Italics supplied.)

Finally, the trial court did not err when it condemned the defendant to pay the sum of $100 for attorney's fees, taking into consideration his manifest stubborness in insisting on changing at his will the use of the servitude which plaintiff had been using in the same manner since 1918 and for many years before defendant bought his house.

The judgment appealed from must be affirmed.